IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:26-CV-00008-BO

| | |
|---|---|
| KEV Group, Inc., )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Alfreda Stephenson, )<br>)<br>   Defendant )<br>)<br>AND )<br>)<br>Givebacks, Inc. )<br>)<br>   Intervenor-Defendant ) | **MOTION TO EXPEDITE PLAINTIFF'S RESPONSE TO DEFENDANT-INTERVENOR GIVEBACKS, INC.'S MOTION TO INTERVENE**<br><br>**Expedited consideration respectfully requested** |

Proposed Intervenor-Defendant Givebacks, Inc. respectfully moves the Court, on an expedited basis, to order that Plaintiff KEV Group, Inc. respond to Givebacks' motion to intervene (DE 24) in writing on or before March 10, 2026. In further support, proposed Intervenor-Defendant respectfully shows the Court:

(1) On January 20, 2026, Plaintiff KEV Group, Inc. sued a former software salesperson named Alfreda Stephenson for trade secret misappropriation and breach of contract. (DE 1).

(2) Ms. Stephenson previously worked for a KEV subsidiary called Technology Resource Associates, Inc. ("TRA").

(3) KEV (TRA's parent company) is a Canadian software company and likely the largest provider of accounting and payment processing software for public and private schools in the United States.

(4) Givebacks is a growing North Carolina software company that provides a software program for nonprofit and charitable organizations and some schools to help connect with their donors.

(5) On or about November 26, 2025, Ms. Stephenson told TRA that she was leaving the company. (Compl. ¶ 6).

(6) One of the reasons that Ms. Stephenson told TRA that she was leaving was to spend more time with her grandchildren. (Compl. ¶ 6, Ans. ¶ 40). In addition, Ms. Stephenson wanted to leave TRA for a better work environment and she wanted to work with some of her friends who were employed at Givebacks before she retired (Ans. ¶ 40). Because informing "TRA of these other reasons for Ms. Stephenson's departure would have been unnecessarily provocative and awkward," when she announced her departure, "those reasons were not disclosed." (Ans. ¶ 40). TRA, unfortunately, assumed the worst.

(7) Between November 26, 2025 and December 1, 2025, TRA conducted a forensic analysis of Ms. Stephenson's computer usage.

(8) On December 1, 2025, TRA confronted Ms. Stephenson about her allegedly "disturbing" computer activity (Compl. ¶ 50) which TRA learned during its forensic analysis. That same day (December 1, 2025), TRA terminated Ms. Stephenson, and Ms. Stephenson later began working for Givebacks.

2

(9) KEV alleges that Ms. Stephenson retained some confidential files when she left her employment with TRA and joined Givebacks. In the Complaint, KEV does not particularize or specify what files were taken, nor does it allege it has suffered any lost customers or sales due to Ms. Stephenson's actions. KEV conducted a forensic review of Ms. Stephenson's computer before she left TRA, so it knows or should know what files it claims Ms. Stephenson kept.

(10) KEV mentions proposed Intervenor Givebacks 25 times in the Complaint and expressly alleges—upon information and belief—that Givebacks has received KEV's trade secrets and is using them to unfairly compete with KEV. (Compl. ¶ 98).

(11) KEV also previously asked the Court to issue document and deposition subpoenas to Givebacks and its CEO shortly after KEV filed its Complaint. (DE 12).

(12) On February 26, 2026, this Court noticed a motions hearing to occur in Raleigh on March 12, 2026 at 11:30 A.M.

(13) On March 3, 2026, Givebacks moved to intervene in this action in order to participate and defend against KEV's allegations of trade secret misappropriation directed at Givebacks. (DE 24).

(14) In light of the motions hearing next week, and the need to efficiently resolve the issue of the proper parties early in the case, Givebacks respectfully requests that the Court order that KEV Group, Inc. file its response, if any, to Givebacks' motion to intervene prior to the March 12, 2026 hearing so that the matter

3

raised in Givebacks' motion to intervene can be fully and fairly addressed at the March 12, 2026 hearing.

(15) This request is made in the interest of judicial economy, recognizing that this is one of the top three busiest federal district courts in the United States. The requested relief will more quickly and efficiently help the Court determine threshold issues such as whether the proper parties are before the Court.

(16) Givebacks' motion to intervene is short and simple; the brief is just six pages. (DE 24-1). Under the relevant law cited in the motion, there is no arguable basis for KEV to object to intervention given the direct accusations KEV has levied at Givebacks in the Complaint and the proposed subpoena and discovery requests KEV previously directed to Givebacks (DE 12) and then asked to withdraw after the motions hearing was noticed (DE 21). KEV's legal team also has four lawyers who are more than capable of preparing a response to Givebacks' short and straightforward motion on or before March 10th.

(17) Prior to filing the motion to intervene, counsel for Givebacks asked KEV's counsel to consent to Givebacks' intervention.

(18) On March 3, 2026, undersigned counsel informed counsel for KEV that he would request a shortening of KEV's time to respond to Givebacks' motion to intervene if KEV did not consent to the motion to intervene by 5:00 PM on March 3, 2026. Undersigned will allow counsel for KEV to characterize KEV's position in response to this motion, since he is in the best position to do so.

4

WHEREFORE, Proposed Intervenor-Defendant Givebacks, Inc. respectfully prays:

(1) That the Court adjudicate this motion on an expedited basis;

(2) That the Court enter an order directing Givebacks to file its response, if any, to proposed Intervenor-Defendant Givebacks' Motion to Intervene (DE 24) by March 10, 2026; and

(3) For such other and further relief as the Court deems appropriate

Respectfully submitted this 3rd day of March, 2026.

**DOWLING PLLC**

/s/ W. Michael Dowling
W. Michael Dowling
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
Fax: (919) 529-3351
mike@dowlingfirm.com
North Carolina State Bar No. 42790
*Counsel for Proposed Intervenor
 Givebacks, Inc.*