IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:26-cv-00008-BO

| | |
|---|---|
| KEV Group, Inc.<br><br>               Plaintiff,<br><br>v.<br><br>Alfreda Stephenson,<br><br>               Defendant. | **RESPONSE IN OPPOSITION TO GIVEBACK, INC.'S MOTION TO EXPEDITE ITS MOTION TO INTERVENE** |

Plaintiff Kev Group, Inc. ("KEV" or "Plaintiff"), by and through its attorneys, respectfully submits this Response in Opposition to Proposed Intervenor Givebacks, Inc.'s ("Givebacks") Motion to Expedite Plaintiff's Response to "Defendant-Intervenor" Givebacks, Inc.'s Motion to Intervene (the "Motion"). In support hereof, KEV states as follows:

1. Givebacks provides this Court with no legitimate reason for the parties to brief, or for this Court resolve, Givebacks' Motion for Intervention on an expedited basis. There is no emergency, and Givebacks will suffer no prejudice if its Motion is denied. Accordingly, Givebacks' Motion should be denied.

2. On Monday, March 2, 2026 at 6:13 p.m. CT, counsel for Givebacks contacted KEV's counsel informing them that Givebacks intended to intervene in the above captioned case and requested that KEV consent to Givebacks' intervention. *See* Exhibit A at 3. Then, on Tuesday March 3, 2026 at approximately 8:30 a.m. CT, Givebacks filed a Motion for Intervention, proposed Answer to KEV's complaint, and a Motion for Judgment on the Pleadings. (Dkts. 24-27.)

3. Less than three hours later, at 11:31 a.m. CT, KEV responded to counsel for Givebacks' request for intervention with questions regarding Givebacks' knowledge, possession, and/or receipt of KEV's information from Defendant Alfreda Stephenson ("Stephenson"), if any.

1

Specifically, KEV asked counsel for Givebacks whether (a) Stephenson provided Givebacks with KEV's documents and/or information before or after joining Givebacks; (b) Stephenson provided Givebacks with information that Givebacks knows came from KEV or is KEV information; and (c) Givebacks possesses KEV information. Exhibit A at 2-3. The responses to these questions are relevant to whether KEV would consent to Givebacks' Motion for Intervention and whether Givebacks' intervention in this case is necessary at all. Rather than answer these basic questions, at 12:06 p.m. CT, Givebacks' counsel asked KEV's counsel to provide its consent to Givebacks' intervention. Givebacks threatened to file the instant emergency Motion if KEV did not respond by 4:00 p.m. CT (i.e. less than four hours from counsel for Givebacks' email). Exhibit A at 2.

4. Givebacks, however, provides no legitimate reason for this Court to order the parties to brief, or for this Court to resolve, Givebacks' Motion for Intervention on an expedited basis. Givebacks' provided reason—that the Court ordered KEV and Stephenson to appear on March 12, 2026—is not availing.

5. Specifically, prior to Givebacks' proposed intervention, the Court ordered KEV and Stephenson to appear before the Court on March 12, 2026 at 11:30 a.m. regarding the motions that KEV filed with the Court. Those motions were KEV's motion for preliminary injunction and motion for expedited discovery, both of which were filed on January 26, 2026. (Dkts. 10-13.) KEV and Stephenson were then able to reach an agreed injunction ("Agreed Order"), which will moot KEV's motions for preliminary injunction and expedited discovery when it is entered. (Dkt. 20.) Indeed, KEV moved to withdraw its motion for expedited discovery due to the parties' Agreed Order and the expedited discovery being no longer necessary to provide additional support to KEV's preliminary injunction. (Dkt. 21.)

6. The Agreed Order, to which Stephenson stipulated, states that: (a) "Stephenson

printed, copied and/or downloaded KEV Confidential Information and/or property to the cloud and/or removable media from KEV's computer systems"; (b) Stephenson is enjoined from using, possessing, accessing, and disclosing KEV Confidential Information; and (c) Stephenson is ordered to return all KEV Confidential Information in her possession, custody, or control. (Dkt. 20.) Notably, Givebacks is not mentioned anywhere in the Agreed Order and is not otherwise implicated by the motions that were scheduled to be discussed at the March 12, 2026 hearing.

7. Givebacks' eleventh-hour decision to intervene does not warrant its Motion for Intervention to be briefed and/or heard on an expedited basis. The Complaint was filed on January 20, 2026, and the motions relevant to the upcoming hearing were filed on January 26, 2026. (Dkts. 1, 10-13.) Givebacks had six weeks to intervene in this case, but yet, it now claims that its intervention is an "emergency." Givebacks' Motion for Intervention is not an emergency, and its gamesmanship is transparent. For example, Givebacks filed its Motion for Intervention *one day* after Stephenson filed her Answer to KEV's Complaint, knowing (or Givebacks should have known) that the parties had not yet begun discovery. Moreover, Givebacks claims that forcing KEV to file its response prior to the March 12, 2026 hearing will cause the issue to be "fully and fairly addressed at the… hearing," is not true. If Givebacks were concerned about its intervention issue being "fully and fairly addressed," it would allow the issues to unfold in the normal course of litigation. Instead, Givebacks is trying to force KEV to respond to numerous frivolous pleadings in an attempt to obfuscate the facts and, perhaps, disguise its trade secret misappropriation.

8. In sum, Givebacks' Motion fails to explain (a) why it waited six weeks to intervene in this case or (b) why or how it will suffer prejudice if its Motion is not granted. Givebacks cannot explain why it waited six weeks to intervene because it has no proper reason. Likewise, Givebacks does not identify any prejudice because it cannot—Givebacks suffers no prejudice, other than

being forced to abide by this Court's standard briefing schedule.

9. Under this Court's standard briefing schedule, KEV's Response to the Motion is due on March 24, 2026. As stated above, Givebacks does not claim or demonstrate any prejudice if Kev files its Response a mere two weeks after the March 12th hearing. Nor does Givebacks provide any legal authority to support its position/request to expedite KEV's Response.

10. Further, lead counsel (Scott Humphrey) is out of pocket for a planned vacation (i.e. college visits with his daughter), of which Givebacks' counsel was informed. *See* Exhibit A at 1. Scott Humphrey specifically requested that Givebacks' counsel include his email with the emergency motion if he decided to file it, but Givebacks' counsel declined to do so.

WHEREFORE, for the reasons set forth more fully above, Givebacks, Inc.'s Motion to Expedite should be denied, and this Court should allow KEV to submit Giveback's Motion by March 24, 2026.

This 4th day of March, 2026.
Respectfully submitted,
*/s/     J. Scott Humphrey*

CHRISTOPHER M. KELLY (N.C. Bar No. 24346)
**Gallivan, White & Boyd, P.A.**
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
Telephone: 704.552.1712
Fax: 704.362.4850
Email: ckelly@gwblawfirm.com

*Local Civil Rule 83.1(d) Attorney for Plaintiff*

J. SCOTT HUMPHREY (*pro hac vice* forthcoming)
KATIE M. BURNETT (*pro hac vice* forthcoming)
SAMANTHA L. MARCHAND (*pro hac vice* forthcoming)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949

Facsimile: 312.767.9192
Email: shumphrey@beneschlaw.com
kburnett@beneschlaw.com
smarchand@beneschlaw.com

*Attorneys for Plaintiff KEV Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2026, a copy of the foregoing was filed via the Court's ECF electronic filing system, which shall send notice of the same to all counsel of record.

*/s/     J. Scott Humphrey*

*Attorney for Plaintiff KEV Group, Inc.*