# EXHIBIT A

| From: | Humphrey, J. Scott |
|---|---|
| Sent: | Tuesday, March 3, 2026 3:02 PM |
| To: | Mike Dowling; Burnett, Katie; Marchand, Samantha; ckelly@gwblawfirm.com; M Todd Sullivan |
| Subject: | RE: KEV Group, Inc. v. Stephenson, 7:26-cv-00008-BO, Givebacks, Inc. Motion To Intervene As Defendant |

Mike:

The case, at its essence, is a simple dispute where Stephenson stole Kev confidential information. Todd already told us that his client will admit to stealing the information. Thus, I do not see any reason for your client to intervene, and no basis for your motion to intervene, unless Givebacks received Kev confidential information. If Givebacks did not receive any Kev confidential information, then it would seem prudent for you to simply say so. If, on the other hand, Givebacks did receive information from Stephenson (and your nonresponse seems to indicate that it did), then I would encourage you and Givebacks to let me know now as there may be a path to resolution that will not be available after lengthy discovery and motion practice.

We are not going to get into the practice of establishing or responding to artificial deadlines. Thus, my request for the below information still stands. If you are unwilling to provide the information (which is fine), then we will not agree to Givebacks motion to intervene. There is, however, no need for an emergency motion. As I am sure you know, there are no pending motions as Kev and Stephenson have agreed to a consent injunction. Nor is the fact that we have a hearing next week a legitimate or reasonable basis for an expedited briefing schedule. Finally, I am on vacation starting Wednesday afternoon (I am taking my daughter on college visits) so requiring Kev to respond by March 10th is an unfair burden, especially since Givebacks has clearly known about the case since its inception but chose to wait until the last minute to file its motions. I have, however, carved time out of my vacation to speak with Todd about the case on Thursday and you are welcome to join the call.

If you still intend to file the emergency motion, please include a copy of this email chain with the motion.

I am also around this afternoon if you want to discuss.

Scott



J. Scott Humphrey
Partner | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6420 | m: 847.404.5403
shumphrey@beneschlaw.com | vCard | Bio | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Mike Dowling <mike@dowlingfirm.com>
**Sent:** Tuesday, March 3, 2026 12:06 PM
**To:** Humphrey, J. Scott <shumphrey@beneschlaw.com>; Burnett, Katie <KBurnett@beneschlaw.com>; Marchand, Samantha <SMarchand@beneschlaw.com>; ckelly@gwblawfirm.com; M Todd Sullivan <tsullivan@fhslitigation.com>
**Subject:** RE: KEV Group, Inc. v. Stephenson, 7:26-cv-00008-BO, Givebacks, Inc. Motion To Intervene As Defendant

1

Scott it's nice to meet you as well.

Respectfully, you are putting the cart before the horse. We are still in the pre-discovery phase of this case, and I'm sure you can understand why I would not respond to premature discovery requests. The sequencing built into the Rules of Civil Procedure matter to the integrity and fairness of the case for both sides. Rest assured, I have a number of questions I'd like to put to KEV as well. But that is for another day.

On the matter at hand (Givebacks' intervention motion), in light of the motions hearing next week before Judge Boyle, and the need to efficiently resolve the issue of the proper parties early in the case, I intend to file an emergency motion to shorten the deadline for KEV to respond to Givebacks' motion to intervene until March 10 if KEV does not consent to the motion to intervene in writing before 5PM ET today.

The motion to intervene is short and simple. Under the relevant law cited in the motion, there is no arguable basis for KEV to object to intervention given the accusations KEV has levied directly at Givebacks in the Complaint and the proposed subpoena and discovery requests KEV previously directed to my client. KEV's legal team also has four lawyers who appear more than capable of preparing a response on or before the 10th.

Please let me know if you consent to the intervention motion by 5PM today.

Thank you,

Mike


## Dowling PLLC

W. Michael Dowling
3801 Lake Boone Trail
Suite 260
Raleigh, North Carolina 27607

919.529.3351
mike@dowlingfirm.com

Confidentiality Notice:
The information contained in this e-mail is privileged and confidential and intended for the addressee only. If you are neither the recipient nor the agent responsible for delivering this email to the intended recipient, any disclosure of this information or taking of any action in reliance on this information is strictly prohibited. If you have received this email in error, please notify the sender immediately.

**From:** Humphrey, J. Scott <shumphrey@beneschlaw.com>
**Sent:** Tuesday, March 3, 2026 12:31 PM
**To:** Mike Dowling <mike@dowlingfirm.com>; Burnett, Katie <KBurnett@beneschlaw.com>; Marchand, Samantha <SMarchand@beneschlaw.com>; ckelly@gwblawfirm.com; M Todd Sullivan <tsullivan@fhslitigation.com>
**Subject:** RE: KEV Group, Inc. v. Stephenson, 7:26-cv-00008-BO, Givebacks, Inc. Motion To Intervene As Defendant

Mike:

Thanks for reaching out and nice to meet you.

In order for us to make a decision on your request, please let us know the following:

1. Did Ms. Stephenson provide Givebacks with any documents and/or information (collectively, "information") either before or when joining Givebacks? If yes, please identify the information Ms. Stephenson provided Givebacks.
2. Did Ms. Stephenson provide Givebacks with any information that Givebacks knows (or has reason to believe) came from Kev/TRA or that Givebacks knows (or has reason to believe) is Kev/TRA information or property? If yes, please identify the information.
3. Does Givebacks currently possess any information that Givebacks knows (or has reason to believe) came from Kev/TRA or that Givebacks knows (or has reason to believe) is Kev/TRA information or property? If yes, please identify the information.

Feel free to call me if you have any questions or if it would be easier to discuss over the phone than through email.

I look forward to hearing from you.

Scott



> J. Scott Humphrey
> Partner | Intellectual Property
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.624.6420 | m: 847.404.5403
> shumphrey@beneschlaw.com | vCard | Bio | www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Mike Dowling <mike@dowlingfirm.com>
**Sent:** Monday, March 2, 2026 6:13 PM
**To:** Humphrey, J. Scott <shumphrey@beneschlaw.com>; Burnett, Katie <KBurnett@beneschlaw.com>; Marchand, Samantha <SMarchand@beneschlaw.com>; ckelly@gwblawfirm.com; M Todd Sullivan <tsullivan@fhslitigation.com>
**Subject:** KEV Group, Inc. v. Stephenson, 7:26-cv-00008-BO, Givebacks, Inc. Motion To Intervene As Defendant

Counsel,

Hope you are well.

I represent Givebacks, Inc. Givebacks intends to move to intervene in the *Kev Group, Inc. v. Stephenson* case in the Eastern District of North Carolina as a defendant pursuant to Fed. R. Civ. P. 24(a) and 24(b).

Please let me know if you consent to Givebacks' request to intervene as defendant.

Thank you,

Mike

# Dowling PLLC

W. Michael Dowling
3801 Lake Boone Trail
Suite 260
Raleigh, North Carolina 27607

919.529.3351
mike@dowlingfirm.com

Confidentiality Notice:
The information contained in this e-mail is privileged and confidential and intended for the addressee only. If you are neither the recipient nor the agent responsible for delivering this email to the intended recipient, any disclosure of this information or taking of any action in reliance on this information is strictly prohibited. If you have received this email in error, please notify the sender immediately.